## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| **JAMES T. BUECHLER,** *individually and on behalf of all others similarly situated,* | * <br><br> * |
| *Plaintiff,* | * |
| **v.** | *  **Civil Action No.: 12-cv-812** |
| **NEXT DAY BLINDS CORPORATION,** | * |
| **and** | * |
| **JOHN DOE 1 thru 10,** | * |
| *Defendants.* | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## CLASS ACTION COMPLAINT AND
## DEMAND FOR JURY TRIAL

Comes now James T. Buechler, ("Plaintiff") on behalf of himself and all others similarly situated and alleges as follows:

## INTRODUCTION

1.     In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is

protecting our citizens by taking the offensive against identity theft.

2.    A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides that:

> Truncation of credit card and debit card numbers. (1) In general. . . . [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3.    The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance with its provisions no later than December 4, 2006.

4.    On June 3, 2008, the Credit and Debit Card Receipt Clarification Act of 2007, 15 U.S.C. 1681n(d), became effective. The Clarification Act shielded from a finding of willful noncompliance with FACTA any business that printed an expiration date on a cardholder receipt between December 4, 2004, and the enactment of the Clarification Act (i.e., June 3, 2008).

5.    The Clarification Act did not eliminate the statutory requirement that card expiration dates not be printed on the cardholder receipts, but instead created a retroactive safe harbor based upon the belief that the original act was confusing as to whether card expiration dates were also required to be redacted. By maintaining the requirement to not print expiration dates, however, the Clarification Act made clear that liability under FACTA can exist when, as in this case, a merchant continued to print expiration dates on cardholder receipts after

June 3, 2008.

6.    Although Defendant (defined below) had until June 3, 2008, to comply, Defendant has willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print the credit card expiration on receipts provided to debit card and credit card cardholders transacting business with Defendant.

7.    Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant based on Defendant's violation of 15 U.S.C. § §1681c(g).

8.    Plaintiff seeks, on behalf of himself and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681n.

## JURISDICTION AND VENUE

9.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

10.    Plaintiff's claims asserted herein arose in this judicial district and Defendant does business in this judicial district.

11    Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

12.    Plaintiff, James T. Buechler is and, at all times relevant hereto, was a

resident of the State of Maryland, Baltimore County.

13.   Defendant Next Day Blinds Corporation, is a Maryland domestic corporation with its principal place of business located at 8251 Preston Court in Jessup, Maryland. Next Day Blinds Corporation is a regional manufacturer and installer of window blinds, shutters and shades with 30 showrooms located in Maryland, Virginia and the District of Columbia.

14.   Plaintiff is unaware of the true names of defendants Does 1 through 10. Said defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 10 when the true names are ascertained, or as permitted by law or by the Court.

15.   Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant was the franchisor, franchisee, principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## INDUSTRY KNOWLEDGE REGARDING THE
## TRUNCATION OF CREDIT CARD INFORMATION

16.   In early 2003, the payment card industry and Congress announced that they were working together to combat identity theft. A critical part of this joint effort was the truncation of personal data from credit and debit card receipts presented to consumers at the point of sale.

17.   On March 6, 2003, Visa CEO Carl Pascarella held a joint press conference with Senators Judd Gregg, Jon Corzine, Patrick Leahy and Dianne Feinstein to announce Visa USA's new account truncation program to protect consumers from identity theft. At the press conference, Mr. Pascarella stated:

> "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. . . . .
>
> "The first phase of this new policy goes into effect July 1, 2003 for all new terminals. I would like to add, however, that even before this policy goes into effect, many merchants have already voluntarily begun truncating receipts, thanks to the groundwork that we began together several years ago.
>
>         *   *   *   *
>
> "Visa USA is pleased to be working with Senator Feinstein, and the other senators here today in the fight to protect consumers from identity theft. After all, we share the same goals."

18.   On July 9, 2003, L. Richard Fischer, presented a written statement to the United States House of Representatives Committee on Financial Services on behalf of Visa USA, Inc., supporting the truncation requirements of what

ultimately became FACTA. Therein, Mr. Fischer stated:

> "Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity. For example, Section 203 of Title II would prohibit any merchant or other entity that accepts credit and debit cards from printing more than the last four digits of the card account number . . . .upon receipts provided to cardholders at the point of sale . . . ."

19.   Visa USA's agreements with the American merchants which accept Visa brand credit or debit cards are defined in part in a manual entitled Rules for Visa Merchants, Card Acceptance and Chargeback Management Guidelines ("Visa Merchant Rules"). The Visa Merchant Rules Manual includes a description of Visa's truncation requirements. For example, the 2006 edition of the Manual states:

> "Visa requires that all new electronic POS terminals provide account number truncation on transaction receipts. This means that only the last four digits of an account number should be printed on the customer's copy of the receipt.
>
> After July 1, 2006, the expiration date should not appear at all. Existing POS terminals must comply with these requirements by July 1, 2006 . . . ."

20.   The truncation standards set forth in the Visa Merchant Rules, which are part of the contract between Visa and the merchants which accept its debit and/or credit cards, served as the basis for what ultimately became the truncation requirements of FACTA.

21.   The Office of Thrift Supervision, United States Department of Treasury

("OTS"), is responsible, inter alia, for monitoring financial institution compliance with FACTA. Toward this end, the OTS publishes an Examination Handbook ("Handbook") which assists OTS field personnel when they perform an examination, or compliance audit, of a given financial institution. The February 2006 Edition of the Handbook states, in relevant part:

### Truncation of Credit and Debit Card Account Numbers

Ensure that electronically generated receipts from ATM and POS terminals or other machines do not contain more than the last five digits of the card number and do not contain the expiration dates.

22.   FACTA's requirements that merchants truncate all but the last five digits of the card account number and expiration date was phased in over a three year period. During the three year phase-in period, there was extensive publicity regarding the law's requirements.

23.   Many trade associations apprised their merchant members that FACTA requires truncation of the entire expiration date and all but the last five digits of the cardholder account number.

24.   In May, 2007 the Federal Trade Commission issued a business alert entitled "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts." That alert stated in relevant part:

"According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information. You may include no more than the last five digits of the card number, and you must delete the

card's expiration date."

## DEFENDANT'S KNOWLEDGE OF FACTA'S TRUNCATION REQUIREMENTS

25.   Defendant had actual knowledge of FACTA's truncation requirements, specifically including FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates, and was provided with notice of these obligations by trade associations, companies that provided merchant services and otherwise prepared monthly statements of credit card activity, and others.

26. FACTA's truncation requirements have been well publicized in Maryland. For example, on September 29, 2011, *The Baltimore Sun* published an article entitled "Baltimore Lawsuit Spotlights Obscure Identity Theft Law," which discussed and explained the credit card truncation requirements of FACTA. Additionally, numerous FACTA class actions have been litigated and settled in the District of Maryland, and publicized in *The Maryland Gazette*, (December 15, 2012 and December 18, 2010); *USA Today* (May 11, 2012); *The Baltimore Sun* (July 22, 2011, p. 7; July 23, 2011, p. 15).

## CLASS ALLEGATIONS

27.   Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

28.   Plaintiff seeks to represent a class persons to be defined as follows:

8

> All persons to whom Defendant provided an
> electronically printed receipt at the point of sale or
> transaction, in a transaction occurring after March 15,
> 2010, on which Defendant printed the person's credit
> card or debit card number expiration date.

29.  **Numerosity**: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

30.  Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the class described above.

31.  The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's sales and transaction records.

32.  Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

33.  **Typicality**: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

34.  Plaintiff and members of the class were each customers of Defendant, each having made a purchase or transacted other business with Defendant at an

applicable time using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and members of the class, Defendant provided to Plaintiff and each member of the class a receipt in violation of 15 U.S.C. §1681c(g).

35.   **<u>Common Questions of Fact and Law</u>**: There is a well-defined community of interest and common questions of fact and law affecting members of the class.

36.   The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

a.   Whether Defendant's conduct of providing Plaintiff and the members of the class with a sales or transaction receipt whereon Defendant printed the credit card or debit card expiration date violated the FACTA, 15 U.S.C. §§1681 et seq.

b.   Whether Defendant's conduct was willful; and

c.   Whether Plaintiff and members of the class are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct.

37.   **<u>Adequacy of Representation</u>**: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel

who are competent and experienced in the prosecution of class action litigation.

38. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the class. While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class. The likelihood of the individual members of the class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

39. **Disavowal of Unconstitutional Damages**. To the extent that any award of class-based statutory damages against Defendant might be adjudicated as violating Defendant's Due Process Rights under the United States

Constitution, Plaintiff, on behalf of the putative class he is seeking to represent, expressly requests damages only to the fullest extent allowed under the Constitution of the United States.

### FIRST CAUSE OF ACTION
### For Violation of 15 U.S.C. §§1681 et seq.
### (On Behalf of Plaintiff and the Members of the Class)

40.   Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

41.   Plaintiff asserts this claim on behalf of himself and the class against Defendant.

42.   Title 15 U.S.C. §1681c(g)(1) provides that:

...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale of transaction..

43.   With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C.

§1681c(g)(1).

44.   With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

45.   On June 3, 2008, the Credit and Debit Card Receipt Clarification Act of 2007, 15 U.S.C. 1681n(d), became effective. The Clarification Act shielded from a

finding of willful noncompliance with FACTA any business that printed an expiration date on a cardholder receipt between December 4, 2004, and the enactment of the Clarification Act (i.e., June 3, 2008).

46.   Defendant transacts business in the United States and accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of the class. In transacting such business, Defendant use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

47.   On December 12, 2011, after the effective date of the statute and the Clarification Act, Defendant, at the point of sale, provided Plaintiff with an electronically printed receipt on which Defendant printed the expiration date of the Plaintiff's credit card.

48.   After the effective date of the statute and the Clarification Act, Defendant, at the point of a sale or transaction with members of the class, provided each member of the class with one or more electronically printed receipts on each of which Defendant printed the expiration date of such member's credit or debit card.

49.   Defendant knew of, or should have known of, and was informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

50.   Despite knowing and being repeatedly informed about FACTA and the importance of not printing expiration dates on receipts, and despite having had

until June 3, 2008, to comply with FACTA's requirements, Defendant willfully violated and continues to violate FACTA's requirements by, inter alia, printing the expiration dates of credit cards and debit cards upon the receipts provided to members of the class – persons with whom Defendant transacts business.

51.   Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing the card expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

52.   In contrast, Defendant willfully disregarded FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA.

53.   Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the class thereby exposing Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud.

54.   As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each member of the class in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

55.   As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the class are entitled to recover costs of suit and their reasonable

attorneys' fees. 15 U.S.C. §1681n(a)(3).

56.   As a result of Defendant's willful violations of FACTA, Plaintiff and the members of the class are entitled to recover punitive damages. 15 U.S.C. §1681n(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

A.   An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

B.   An award to Plaintiff and the members of the class of statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) for Defendant's willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

C.   An award to Plaintiff and the members of the class of punitive damages pursuant to 15 U.S.C. §1681n(a)(2)(up to but not exceeding the fullest extent allowed under the Constitution of the United States);

D.   Payment of costs of suit herein incurred pursuant to, inter alia, 15 U.S.C. §1681n(a)(3);

E.   Payment of reasonable attorneys' fees pursuant to, inter alia, 15 U.S.C. §1681n(a)(3);

F.   For other and further relief as the Court may deem proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all claims so triable.

Dated: March 15, 2012                                    Respectfully Submitted,


            */s/ E. David Hoskins*
        E. David Hoskins, Bar No. 06705
        LAW OFFICES OF E. DAVID HOSKINS, LLC
        Quadrangle Building at Cross Keys
        2 Hamill Road, Ste. 362
        Baltimore, Maryland  21210
        (410) 662-6500 (Tel.)
        (410) 662-7800 (Fax)
        *dhoskins@hoskinslaw.com*


        */s/ Bruce Carlson*
        Bruce Carlson, Bar No. 29344
        CARLSON LYNCH
        PNC Park
        115 Federal Plaza, Suite 210
        Pittsburgh, Pennsylvania 15212
        (412) 322-9243 (Tel.)
        *bcarlson@carlsonlynch.com*