IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JAMES T. BUECHLER,<br>*individually and on behalf of all*<br>*others similarly situated,* | * |
| | * |
| Plaintiff, | * |
| v. | * Civ. No.: 1:12-cv-00812-MJG |
| NEXT DAY BLINDS CORPORATION, | * |
| *Defendant.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION
OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING**

The Court has considered the Class Action Settlement Agreement and its exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2. The Class Representative and the Next Day Blinds Corporation ("NDB") Releasees, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3. The Court preliminarily concludes the following, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation. This preliminary conclusion will have no effect on the proceedings or any future findings and conclusions by the Court in the event that the proposed Settlement Agreement is not approved or the Effective Date does not occur. The proposed Rule 23 Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative James Buechler are typical of the claims of the members of the proposed Class; (d) Class Representative James Buechler will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class Representative are qualified to serve as counsel for the Class Representative in their own capacities as well as their representative capacities and for the Class; and, (g) common issues will likely predominate over individual issues;

4. The moving parties also have presented to the Court for review a Class Action Settlement Agreement. The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5. The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of

their choosing and to object to the proposed settlement. The notice will be disseminated consistent with the Settlement Agreement. The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B).

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved;

2. Notice of the proposed settlement and the rights of Class Members to opt out of the settlement shall be given consistent with the terms of the Settlement Agreement by September 16, 2013.

3. A hearing shall be held before this Court on Friday, December 20, 2013, at 10:00 AM, to consider whether the settlement should be given final approval by the Court:

(a) Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

(b) At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

(c) Class Counsel and counsel for NDB should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

4. In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the

Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

DATED: Wednesday, August 21, 2013

/s/
Marvin J. Garbis
United States District Judge